UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ALONSO RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Criminal Case No. 12-cr-0288 (2)<br>Civil Case No.: 16-cv-1612<br><br>**ORDER:**<br>**(1) DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 [ECF NO 157]; and**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY.** |

Petitioner, Marco Alonso Ramirez, proceeding *pro se*, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by person in federal custody. The Government filed a response in opposition. For the reasons outlined below, the Court **DENIES** Petitioner's Motion.

### I. BACKGROUND

Petitioner was charged by Indictment on January 24, 2012, with one count of Conspiracy to Distribute Methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1) and 846. A Superseding Information was filed on September 6, 2012, charging Petitioner

1

with one count of Conspiracy to Distribute Heroin in violation of 21 U.S.C. §§841(a)(1) and 846, to which Petitioner pled guilty the same day.

On February 20, 2013, this Court sentenced Petitioner to 110 months confinement on count one of the Superseding Information. Petitioner appealed his conviction to the Ninth Circuit, but withdrew his appeal based on his appeal waiver contained in his plea agreement. On March 21, 2016, the Court reduced Petitioner's sentence to 92 months in custody pursuant to a joint motion filed under 18 U.S.C. §3582(c)(2).

On June 23, 2016, Petitioner, proceeding pro se, filed the current petition. The Government filed a Response in Opposition on July 29, 2016.

## II.   STANDARD

A prisoner in custody may move the court that imposed his sentence to vacate, set aside, or correct the judgment under section 2255 on the ground that:

> The sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

## III.   DISCUSSION

Although the current motion was filed as a Section 2255 motion, Petitioner does not raise any substantive claims challenging his conviction or sentence in the document. Instead, Petitioner seeks permission to file an "Abridged Motion to Vacate" pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015)[1]. (Mot. at 1). With no substantive claims upon which to rule, the Court must dismiss his motion.

Even if Petitioner had raised substantive claims, the Motion must be denied because he explicitly waived the right to appeal or collaterally attack his conviction and sentence

---

[1] In *Johnson*, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process. 135 S.Ct 2555-2563.

2

as part of his written plea agreement. (Plea Agreement XI at 9). A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence under 28 U.S.C. § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *See, e.g., United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (by entering plea agreement waiving right to appeal sentencing issues, defendant relinquished his right to seek collateral relief from his sentence on the ground of newly discovered exculpatory evidence).

In the plea agreement, Defendant initialed his assent that his plea was knowing and voluntary, and signed acknowledging that he fully understood the agreement's terms. (*Id*. VI at 5). During the plea colloquy before this Court on September 6, 2012, Defendant specifically agreed that he understood the concept of collateral attack, that he knew he had waived it, and that he had no questions about that waiver. (Reporter's Transcript Change of Plea Hearing at 8-9). The record clearly indicates that Defendant knowingly and voluntarily entered into the Plea agreement and that the requirements of Rule 11 were adhered to. Petitioner does not challenge the validity of the waiver. Accordingly, the Court finds Defendant's collateral attack waiver was knowing and voluntary, and **DENIES** his motion.

IV. **CERTIFICATE OF APPEALABILITY**

A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation omitted).

Petitioner has not made a substantial showing that he was denied a constitutional right and the Court is not persuaded that jurists could disagree with the Court's resolution of the matter or that he should be encouraged to proceed further. Accordingly, a certificate of appealability is **DENIED**.

## V. CONCLUSION

For the foregoing reasons, Petitioner's Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DENIED** [ECF NO. 157] and a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 10, 2019

Hon. M. James Lorenz
United States District Judge